UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

LUIS HERNANDEZ,

                              Plaintiff,              9:20-CV-0900
                                                     (GTS/DJS)
           v.

DANIEL HERNANDEZ, a/k/a TEKASHI 69,

                              Defendant.

―――――――――――――――――――――――――――

APPEARANCES:

LUIZ HERNANDEZ
18-A-2750
Plaintiff, pro se
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, NY 14556

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

## I.    INTRODUCTION

        On or about August 10, 2020, pro se plaintiff Luiz Hernandez ("plaintiff"), an inmate

currently in the custody of the New York State Department of Corrections and Community

Supervision ("DOCCS"), commenced this action with the filing of a complaint.  Dkt. No. 1

("Compl.").  On September 2, 2020, the Court received from plaintiff a completed and signed

application to proceed in the action in forma pauperis ("IFP").  Dkt. No. 8.  The Court issued

a Decision and Order on October 14, 2020, granting plaintiff's IFP application and dismissing

the complaint without prejudice for failure to state a claim upon which relief may be granted

pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A"). Dkt. No. 10 ("October Order").  Plaintiff availed himself of the opportunity to amend his complaint, and the Court received the amended complaint on or about November 19, 2020. Dkt. No. 13 ("Am. Compl.").

The Clerk has now forwarded the amended complaint to the Court for review.

## II.    DISCUSSION

### A.    Governing Legal Standard

The legal standard governing the review of a pro se inmate-plaintiff's complaint pursuant to Sections 1915 and 1915A was discussed at length in the October Order and will not be restated in this Decision and Order.  October Order at 3-4.

### B.    Summary of the Amended Complaint

The allegations set forth in plaintiff's amended complaint are generally the same as those included in his original complaint.  In particular, plaintiff alleges that, while he has been confined in prisons operated by DOCCS (including Fishkill Correctional Facility and Mohawk Correctional Facility), he has been assaulted by inmate-gang members because they are under the mistaken belief that his brother is the named defendant in this action, Daniel Hernandez, also known as "Tekashi 69."  Am. Compl. at 1-4.  The amended complaint alleges that defendant Daniel Hernandez is a gang member and a musician that lives in Brooklyn, New York, where plaintiff also resides.  *Id.* at 3-4.  Although it is not clear from the amended complaint, it seems that defendant Daniel Hernandez is known as a "snitch" by inmates, which is what has motivated the inmate-gang members to assault plaintiff.  *Id.* Plaintiff alleges that "everywhere [he] go[es]," he is mistaken for being defendant Daniel

Hernandez's brother and believes his life is at risk.  *Id.* at 4.

For a complete statement of plaintiff's claims and allegations, reference is made to the amended complaint.

### C.    Analysis

Plaintiff's amended complaint is subject to dismissal for the same reasons articulated by the Court in the October Order.  More specifically, plaintiff commenced this action under the auspices of 42 U.S.C. § 1983 ("Section 1983").  *See* Dkt. No. 1 at 2; October Order at 5 n.3.  In order to state a cognizable claim under Section 1983, a complaint must allege that a person acting under color of state law deprived him of a right under federal law.  *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005).  Like the original complaint, plaintiff's amended complaint names only one defendant, Daniel Hernandez.  There are no allegations in the amended complaint, however, that defendant Daniel Hernandez is a state actor for purposes of Section 1983.  Instead, plaintiff alleges that defendant is a private citizen residing in Brooklyn.  Moreover, even assuming that defendant Daniel Hernandez is a state actor, the amended complaint fails to allege that defendant Daniel Hernandez has directly or indirectly violated any of plaintiff's federal rights.  Plaintiff alleges only that he has been assaulted by unidentified inmate-gang members while incarcerated because they believe him to be the defendant's brother.  Without more, the amended complaint fails to allege that defendant Daniel Hernandez is personally involved in any violation of plaintiff's rights.  *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983.").  Accordingly, plaintiff's amended complaint is dismissed for failure to state a claim upon which

relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

**III.    CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's amended complaint (Dkt. No. 13) is **DISMISSED without**

**prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: January 5, 2021
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

4